Clark ads. Likens.

JAMES CLARK and JOHN G. MICHENER *ads*. MOSES D. LIKENS.

A foreign attachment, issued against a person whose actual residence and usual place of abode was at the time in this state, will be set aside, although he may have temporarily removed into another state, and the plaintiff's affidavit was made in good faith.

Argued before Justices ELMER and HAINES.

*J. F. Randolph*, for the defendant, Michener, moved to set aside the attachment issued in this case.

*Mr. Dudley*, for the plaintiffs, opposed the motion. Depositions, taken upon notice on both sides, were filed and read.

The opinion of the court was delivered by

ELMER, J. This case comes within the ruling in the case of *Brundred* ads. *Del Hoyo, Spencer* 328. It was there held that the phrase, " who may reside out of this state," contained in the then 26th section, now the 40th section, of the attachment act, (*Nix. Dig.* 38,) means a debtor who has not only a legal residence or domicil abroad, but one upon whom the process of summons cannot be served. It was also held that the plaintiffs' affidavit is not conclusive, but that the court will inquire into the fact of residence; and if satisfied that the debtor did not reside out of this state at the time the attachment issued, it will be set aside,

although the plaintiff may have made the required affidavit in good faith.

The depositions submitted to us show that the defendant, Michener, who had previously been in practice in the city of Philadelphia, as an attorney-at-law, having become the proprietor of a hotel in the city of Atlantic, in this state, relinquished his business in Philadelphia, in the spring of 1856, and removed to Atlantic, with the avowed purpose of making the latter place his permanent residence, had a poll tax assessed against him there in August, and kept the hotel during the summer, until the usual time for closing. On the first day of September, he left in the cars for Philadelphia; the attachment was issued on the second, and an inventory made of his goods on the third and fourth days of September.

It appears, beyond a doubt, that Michener's residence was in this state prior to the shutting up of his house and his leaving it, on the first day of September. He was a bachelor, and after that day is shown to have kept house or boarded, most of the time, for several weeks in Philadelphia. But it does not appear that he took any steps to change his domicil; on the contrary, he declared, when he left the hotel, that he was going to the city on business, and would return in a few days, and he actually did return on the fourth, before the sheriff had finished his inventory. A servant was left in charge of the hotel, so that on the day the attachment issued, a summons might have been served on him, by leaving a copy there, the same then being his usual place of abode. His declarations, at the time he established his residence in Atlantic, and when he closed the hotel to visitors, and left the state before the attachment issued, were competent evidence in his favor of the character and object of his acts, as parts of the *res gestæ*, and would have been conclusive against him as to the actual place of his abode.

The voluminous testimony on the part of the plaintiff, as to the question whether Michener was a boarder in

Philadelphia, or was in fact the head of the house, giving it the fullest weight, shows no more than that he may have been a housekeeper there before he removed to New Jersey, and that he may have resumed his position as such after he closed the hotel. His legal domicil and usual place of abode, having once been openly and unequivocally established in this state, remained here until he purposely changed them. The evidence, so far from showing any such intention, shows the contrary. If he did keep house in Philadelphia, which is far from being satisfactorily established, his usual place of abode continued to be at the hotel in Atlantic, where he was subject to the process of summons, and therefore not liable to attachment.

The writ must be set aside.

CITED in *Kugler v. Shreve*, 4 *Dutch.* 130; *Perrine* ads. *Evans*, 6 *Vr.* 224.